## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RUSSELL D. HAYS, III, | DOCKET NUMBER |
|         Appellant, | SF-0752-19-0213-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: July 15, 2024 |
|         Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven T. Haug</u>, Meridian, Idaho, for the appellant.

<u>Marcus Alonzo Mitchell</u>, Albuquerque, New Mexico, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeal for lack of jurisdiction. On petition for review, the appellant argues that the agency's decision to reassign him was a violation of merit system principles, the agency manipulated the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discovery process, the administrative judge relied on a document not in the record, and the administrative judge was biased against him. Petition for Review (PFR) File, Tab 1 at 4-6. He further reiterates his arguments below that his retirement was based on misinformation and coercion. *Id.* at 4-5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant argues that the reassignment was a violation of merit system principles because it "opens doors to discrimination and bias." PFR File, Tab 1 at 4. He did not raise this claim below, and thus it was not addressed by the administrative judge. In any event, the Board lacks jurisdiction over a claim that an agency violated merit systems principles absent an otherwise appealable action. *Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶ 14 (2012); PFR File, Tab 1 at 4. Because we agree with the administrative judge that the appellant failed to establish jurisdiction over his alleged involuntary retirement, we are without jurisdiction to address this claim.

The appellant claims on review that the agency manipulated the discovery process by inadequately responding to his request for the documentation relied

upon in the decision to reassign him. PFR File, Tab 1 at 4. We decline to consider this argument because the appellant did not file a motion to compel a response to this request below. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). He further claims that both the agency and the administrative judge improperly cited to and relied upon a document not in the record.[2] The administrative judge did not cite to this document but, rather, found that the appellant's supervisor testified credibly about the rationale behind the appellant's reassignment, which was based in part on the contents of the document.[3] IAF, Tab 29, Initial Decision at 8. The appellant's challenge to the inclusion of such testimonial information is not properly preserved for Board review. *See Hill v. Department of Health & Human Services*, 28 M.S.P.R. 91, 92-93 (1985) (finding that an appellant's failure to object to the introduction of evidence at the hearing precluded her from raising it on review). This finding is further bolstered by the fact that the appellant was well-aware of the document and its contents at the time he retired. IAF, Tab 21 at 10, Tab 27, Hearing Compact Disc, Track 1 at 50:43 (testimony of the appellant), Track 2 at 3:47 (testimony of the appellant's supervisor).

Finally, the appellant alleges that the administrative judge was biased against him. PFR File, Tab 1 at 5-6. As evidence of bias, he asserts that the administrative judge held the hearing at the same location as the agency while the appellant participated via video teleconference, and the administrative judge exhibited friendliness with the agency that made him feel like an outsider. *Id*. Specifically, the administrative judge allegedly discussed that she wanted to

---

[2] The agency submitted the document in question after the pre-hearing submissions were due. IAF, Tab 23. The appellant objected to its inclusion in the record, and the administrative judge sustained his objection. IAF, Tab 24, Tab 26 at 2.

[3] The document in question was a work environment assessment of a unit that the appellant managed, the Lassen National Forest. IAF, Tab 23. The appellant's supervisor further testified that he personally visited the forest to get a firsthand account of how the staff felt about the appellant's leadership. IAF, Tab 27, Hearing Compact Disc, Track 2 at 3:55 (testimony of the appellant's supervisor).

conclude the appellant's testimony and end the hearing prior to lunch, and sought advice regarding where to eat. *Id.* at 6. A party alleging bias by an administrative judge must overcome the presumption of honesty and integrity accompanying administrative adjudicators. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id.*

Here, the administrative judge made arrangements for the appellant to participate via video conference because he had relocated to Boise, Idaho. IAF, Tab 15 at 3. The administrative judge provided the parties with an opportunity to object to her order in which she discussed these arrangements. *Id.* at 3-4. Although the appellant expressed concerns regarding portions of the order, he did not raise a concern about the video conference arrangement. IAF, Tab 16. As such, the appellant has failed to demonstrate any actions or conduct by the administrative judge which would overcome the presumption of her honesty and integrity. The alleged "friendly" conversations between the administrative judge and the agency's representative regarding when to break for lunch and local dining options do not evidence a deep-seated favoritism or antagonism. PFR File, Tab 1 at 6; *see Scoggins*, 123 M.S.P.R. 592, ¶ 19.

The appellant further asserts that the administrative judge's decision not to impose sanctions against the agency for violating her own order shows bias for the agency and against him. PFR File, Tab 1 at 5-6. The Board will not ordinarily disturb an administrative judge's determination as to whether to impose a sanction unless it is shown that she abused her discretion or that her erroneous ruling adversely affected a party's rights. *Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶ 11 (2009). Here, the appellant filed a motion for sanctions, asserting that the agency failed to have an official with settlement authority readily available during the status conference, in violation of the administrative

judge's order.  IAF, Tab 14 at 2, Tab 16 at 4.  The administrative judge denied the motion as it failed to serve the ends of justice.  IAF, Tab 17 at 1.  The appellant has provided no information that the administrative judge abused her discretion in declining to impose sanctions, and thus has failed to demonstrate that she was biased against him.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      *Gina K. Grippando*
  _____
  Gina K. Grippando
  Clerk of the Board

Washington, D.C.